

FILED
JAMES BONINI
CLERK

05 SEP 23 PM 1: 11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

OHIO CIVIL SERVICE EMPLOYEES
ASSOCIATION, AFSCME,
LOCAL 11, AFL-CIO

        Defendant,

and

STATE OF OHIO; OHIO ENVIRONMENTAL
PROTECTION AGENCY, OHIO
DEPARTMENT OF ADMINISTRATIVE
SERVICES and OHIO STATE EMPLOYMENT
RELATIONS BOARD

        FRCP 19(a) Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

C2 05 881

COMPLAINT

JUDGE SMITH

MAGISTRATE JUDGE KEMP

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, to correct unlawful

employment practices on the basis of religion, and to provide appropriate relief to Glen A.

Greenwood and the class of similarly situated individuals. Mr. Greenwood is an employee of the Ohio Environmental Protection Agency. He holds sincere religious beliefs that prevent him from joining or financially supporting organizations that support or advocate policies that are contrary to his religious beliefs. Defendant Ohio Civil Service Employees Association has violated Title VII by failing to accommodate Mr. Greenwood's religious beliefs by refusing to permit him to make alternate contributions, equal in amount to the union dues required of all other employees of the Ohio Environmental Protection Agency who benefit from the collective bargaining efforts of the Defendant Union, to a mutually-agreed charitable organization.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and  -6 ("Title VII").

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action

2

by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant Ohio Civil Service Employees Association, AFSCME, Local 11, AFL-CIO ("Union" or "OCSEA"), has continuously been an Ohio non-profit incorporated association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members. At all relevant times, the Union has been the recognized collective bargaining representative for employees of the Ohio Environmental Protection Agency and other Ohio agencies and departments, totaling about 37,000 State of Ohio employees.

5. At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Section 701(d) and (e) of Title VII, 42 U.S.C. § 2000e(d) and (e).

6. The Ohio Environmental Protection Agency ("OEPA") is an agency of the State of Ohio and is a party to a collective bargaining agreement with the Defendant Union and is named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

7. The Ohio Department of Administrative Services ("ODAS") is a department of the State of Ohio and has made and continues to administer payment of Mr. Greenwood's fair share fees to Defendant Union under a collective bargaining agreement and is named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

8. The State Employment Relations Board ("SERB") is an agency of the state of Ohio and is established under the Ohio Public Employees' Collective Bargaining Act, Chapter 4117, Ohio Revised Code. SERB reviews public employee applications for

3

religious exemption from becoming a member of or financially supporting an employee organization such as Defendant Union and is named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

STATEMENT OF CLAIMS

9.	More than thirty days prior to the institution of this lawsuit Glen A. Greenwood filed a charge with the Commission alleging a violation of Title VII by Defendant Union. All conditions precedent to the institution of this lawsuit under Title VII have been fulfilled.

10.	Since on or about June 17, 2002, Defendant OSCEA has engaged in unlawful employment practices at co-Defendant Employer OPEA's facilities, including its Loganville, Ohio facility, in violation of Section 703(c) of Title VII, 42 U.S.C. § 2000e-2(c). Defendant Union has failed to accommodate the sincere religious beliefs of Mr. Greenwood by refusing to permit him to make alternate contributions of his fare share fee, equal in amount to the union dues required of all other employees of the Ohio Environmental Protection Agency who benefit from the collective bargaining efforts of the Defendant Union, to a mutually-agreed charitable organization.

11.	Since March 1, 2000, Defendant Union has been a party to two collective bargaining agreements with the State of Ohio; the earlier agreement was effective from March 1, 2000 to February 28, 2003, while the current agreement became effective on March 1, 2003 and runs through February 28, 2006.

12.	Both agreements contain a provision requiring that State of Ohio employees who are subject to them, but choose not to become OCSEA members, pay OCSEA a representation service fee ("fair share fee" or "fee").

4

13.     Defendant Union has declared that State of Ohio employees covered by its

collective bargaining agreements, who seek a religious accommodation allowing them to

redirect their fair share fees to nonreligious charities must apply to SERB.

14.     The Ohio Public Employees' Collective Bargaining Act provides in part:

Any public employee who is a member of and adheres to established and traditional
tenets or teachings of a bona fide religion or religious body which has historically
held conscientious objections to joining or financially supporting an employee
organization and which is exempt from taxation under the provisions of the Internal
Revenue Code shall not be required to join or financially support any employee
organization as a condition of employment. Upon submission of proper proof of
religious conviction to [SERB], [SERB] shall declare the employee exempt from
becoming a member of or financially supporting an employee organization. The
employee shall be required, in lieu of the fair share fee, to pay an amount of money
equal to the fair share fee to a nonreligious charitable fund exempt from taxation
under section 501(c)(3) of the Internal Revenue Code mutually agreed upon by the
employee and the representative of the employee organization to which the
employee would otherwise be required to pay the fair share fee.

OHIO REV. CODE ANN. § 4117.09(C). SERB has declared that it will not grant the religious

accommodation with respect to the payment of fair share fees provided for above to public

employees who hold sincere religious objections to joining or financially supporting an

employee organization but are not members and adherents of religions that historically

have held conscientious objections to joining or financially supporting employee

organizations.

15.     Glen A. Greenwood is employed by the Ohio EPA as an Environmental

Specialist III.  Mr. Greenwood was subject to Ohio's 2000-2003 collective bargaining

agreement with Defendant OCSEA, and currently is subject to Ohio's and OCSEA's

2003-2006 collective bargaining agreement.

16.     On or about June 17, 2002, Greenwood notified OCSEA that he holds

sincere religious objections to paying it his fair share fees and to associating with it.

Greenwood's stated religious objections are based on his understanding that the American

5

Federation of State, County and Municipal Employees, AFL-CIO, a larger union with which OCSEA is affiliated, supports and promotes abortion and homosexuality. Greenwood requested that, as a religious accommodation under Title VII, OCSEA redirect his fees to a mutually agreeable charity. OCSEA failed to grant Greenwood's request, responding instead on June 26, 2002 that he should make his request to SERB and that this was the proper procedure for pursuing his claim for religious exemption from the payment of union dues.

17.     On July 11, 2002, Greenwood submitted to SERB his application for a religious exemption to allow his fair share fees to be redirected from OCSEA to a nonreligious charity. On the SERB application form, Greenwood stated he was a member of the First Presbyterian Church in Lancaster, Ohio. In an attachment to the application form, Greenwood explained that while the Presbyterian Church has no historically held conscientious objections to joining or financially supporting an employee organization, Greenwood's personal religious convictions prohibit him from associating with or financially supporting an employee organization such as OCSEA.

18.     SERB denied Greenwood's request for a religious exemption. In its September 27, 2002 ruling, SERB stated that Greenwood's basis for his request for a religious exemption was personal and that he had failed to file verification of his Church's historically held conscientious objections to joining or financially supporting an employee organization.

19.     Defendant Union has continued to require that Greenwood pay his fair share fees to itself and has received Greenwood's fees, while, upon information and belief, other State of Ohio employees who are members and adherents of religions that historically have held conscientious objections to joining or financially supporting employee organizations

6

such as OCSEA are eligible for and are granted an accommodation allowing them to redirect their fees to nonreligious charities.

20.    Defendant OCSEA, by itself and in concert with OEPA, ODAS and SERB, has pursued and continues to pursue policies and practices that discriminate against employees on the basis of religion, in violation of Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6 among other ways, by:

a.    failing or refusing to reasonably accommodate the religious observances, practices, and beliefs of those State of Ohio employees covered by collective bargaining agreements who hold sincere religious objections to associating with and financially supporting employee organizations such as OCSEA, but who are not members and adherents of religions that historically have held conscientious objections to joining or financially supporting employee organizations; and

b.    subjecting State of Ohio employees covered by collective bargaining agreements to disparate treatment on the basis of their religion by allowing employees who are members and adherents of religions that historically have held conscientious objections to joining or financially supporting employee organizations to redirect their fair share fees to nonreligious charities, but denying the same accommodation to employees who are not members and adherents of such religions, even if they hold sincere religious objections to associating with and financially supporting employee organizations such as OCSEA.

21.    The policies and practices of Defendant Union, described in paragraphs 11-20 above, constitute a pattern or practice of resistance to the full enjoyment of the rights of certain State of Ohio employees covered by Defendant Union's collective bargaining agreements, to equal employment opportunities without discrimination based on religion, in violation of Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6. This pattern or practice is of such a nature and is intended to deny the

7

full exercise of the rights secured by Title VII. Unless enjoined by this Court, Defendant Union will continue to pursue policies and practices that are the same as, or similar to, those alleged in this Complaint.

22. The effect of the practice(s) complained of above has been to deprive Glen A. Greenwood and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their religion.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Union, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Order Defendant Union to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who have religious objections to membership in or financially supporting Defendant Union and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Union to accommodate the religious beliefs of Glenn A. Greenwood by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL
Washington, D.C.

8

GWENDOLYN Y. REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.


C. LARRY WATSON (0031443)
REGIONAL ATTORNEY


LAWRENCE MAYS (0038288)
SUPERVISORY TRIAL ATTORNEY


JEFFREY A. STERN (0020107)
TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland District Office
Tower City - Skylight Office Tower
1660 West Second Street, Suite 850
Cleveland, Ohio  44113-1412
Larry.Watson@eeoc.gov
Lawrence.Mays@eeoc.gov
Jeffrey.Stern@eeoc.gov
(216) 522-7455 (Watson)
(216) 522-4796 (Mays)
(216) 522-7458 (Stern)
(216) 522-7430 telefax