UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America**,

    Plaintiff,

vs.                                                                                    Case No. 05-CV-799
                                                      Judge Gregory L. Frost
**State of Ohio**, *et al.*,                                                      Magistrate Judge King

    Defendants.


**United States Equal Employment Opportunity**         Case No. 05-CV-881
**Commission**,                                                                 Judge George C. Smith
                                                     Magistrate Judge Kemp

    Plaintiff,

vs.

**Ohio Civil Service Commission**, *et al.*,

    Defendants.

## **OPINION & ORDER**

In Case No. 05-799, Plaintiff United States of America ("Government") asserts that Defendants State of Ohio, the Ohio Environmental Protection Agency ("OEPA"), Ohio Department of Administrative Services ("ODAS"), Ohio Civil Service Employees' Association Local 11, AFSCME, AFL-CIO ("OCSEA"), and State of Ohio Employment Relations Board ("SERB") have violated 42 U.S.C. § 2000(e), *et seq*. ("Title VII").  (Doc. # 1).   Specifically, the Government argues that the Defendants violated Title VII by failing to reasonably accommodate the religious objections of Plaintiff-Intervenor Glenn Greenwood ("Greenwood"), an OEPA employee, regarding a "fair share fee" Greenwood was contractually obligated to pay OCSEA in

1

lieu of union dues. *Id.*

In Case No. 05-881, the United States Equal Employment Opportunity Commission ("EEOC") likewise asserts that Defendants OCSEA, State of Ohio, ODAS, and SERB violated Title VII by failing to reasonably accommodate Greenwood's religious objections regarding the fair share fee. (Doc. # 1).

Given the similarity of the claims and of the parties between the two actions, the State of Ohio, OEPA, ODAS, and SERB filed a motion to consolidate the two cases pursuant to Fed. R. Civ. P. 42(a). (Doc. # 18 in Case No. 05-799; Doc. # 12 in Case No. 05-881). Rule 42(a) provides:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Thus, the rule permits the Court to consolidate actions involving common questions of law or fact for the economy and convenience of the Court and of the parties. *Tri-Med Fin. Co. v. National Century Fin. Enters.*, 2000 U.S. App. LEXIS 3659, at * 24 (6th Cir. 2000). "Cases consolidated under Rule 42(a), however, retain their separate identity," and "it is the district court's responsibility to ensure that parties are not prejudiced by consolidation." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412-13 (6th Cir. 1998).

While OCSEA failed to respond to the motion, the EEOC and Greenwood consented to consolidation. (Doc. # 26 in Case No. 05-799; Doc. # 17 in Case No. 05-881). The Government's response, however, was qualified and seized upon the Court's responsibility to prevent prejudice. While indicating that it did not have an objection to consolidating the cases

2

for pre-trial proceedings and for discovery, the Government stated that consolidating the trial may result in prejudice to the Government.  (Doc. # 27 at 2 in Case No. 05-799).  Because the Government failed to provide support for its assertion and because the Government is free to file a motion to sever the trial, the Court finds the Government's contention meritless.

Instead, the Court agrees with the remaining parties who responded that consolidation would be proper.  It is clear that the two actions involve common questions of law and/or fact.  In addition, the Court notes that the two actions involve the same parties.  As such, the Court holds that consolidation would be convenient for the parties and would promote judicial economy.  The motion to consolidate is therefore **GRANTED**.  (Doc. # 18 in Case No. 05-799; Doc. # 12 in Case No. 05-881).

Thus, the Clerk is **ORDERED** to transfer Case No. 05-881 from the docket of the Honorable George C. Smith to the docket of the Honorable Gregory L. Frost.  Furthermore, the Clerk is **ORDERED** to consolidate Case No. 05-799 with Case No. 05-881 on the docket of the Honorable Gregory L. Frost.

The December 7, 2005 preliminary pretrial conference is hereby **VACATED** and will be rescheduled by Magistrate Judge Norah McCann King in order to allow the parties in Case No. 05-889 adequate time to prepare.

**IT IS SO ORDERED**.


  /s/   Gregory L. Frost                          /s/   George C. Smith
**GREGORY L. FROST**                         **GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**     **UNITED STATES DISTRICT JUDGE**