UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America and Glen Greenwood**,

    Plaintiffs,

vs.                                                                      Case No. 05-CV-799
                                                                          Judge Gregory L. Frost
**State of Ohio**, *et al.*,                                    Magistrate Judge King

    Defendants.


**United States Equal Employment Opportunity**  Case No. 05-CV-881
**Commission and Glen Greenwood**,                Judge Gregory L. Frost
                                                                          Magistrate Judge King
    Plaintiffs,

vs.

**Ohio Civil Service Employees' Association**, *et al.*,

    Defendants.

## OPINION & ORDER

      Plaintiff-Intervenor Glen Greenwood ("Greenwood") has filed a Fed. R. Civ. P. 11 motion for sanctions against Defendant Ohio Civil Service Employees' Association ("Union"). (Case No. 05-799 Doc. # 30; Case No. 05-881 Doc. # 28).  The Union filed a memorandum in opposition (Case No. 05-799 Doc. # 36; Case No. 05-881 Doc. # 31), to which Greenwood replied (Case No. 05-799 Doc. # 40; Case No. 05-881 Doc. # 32).  Defendants State of Ohio, Ohio Department of Administrative Services, and the Ohio Environmental Protection Agency (collectively "State Defendants") filed a response to Greenwood's motion.  (Case No. 05-799 Doc. # 39; Case No. 04-881 Doc. # 27).

Greenwood bases his Rule 11 motion on the counterclaim that the Union filed against him. (Case No. 05-799 Doc. # 30 at 5; Case No. 05-881 Doc. # 28 at 5). However, the Court dismissed the counterclaim on the Union's motion and with Greenwood's consent after Greenwood filed his motion for sanctions. (Case No. 05-799 Doc. # 52; Case No. 05-881 Doc. # 40). Nevertheless, Greenwood urges the Court to impose sanctions on the Union "to include the payment of Mr. Greenwood's attorney's fees for filing [his Rule 11 motion] and a $1,000 penalty to this Court" because the Union waited until after Greenwood filed this motion before moving to dismiss its counterclaim. (Case No. 05-799 Doc. # 30 at 9 & Doc. # 40 at 5-6; Case No. 05-881 Doc. # 28 at 9 & Doc. # 32 at 5-6). Greenwood's attorney Bruce Cameron stated in his affidavit that Greenwood's attorney's fees total $ 6,510 in relation to this motion. (Cameron Second Dec. ¶ 3).

Federal Rule of Civil Procedure 11 states, in pertinent part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below,

>impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

The imposition of sanctions under the rule is committed to the Court's discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). However, when a court rejects a sanctions motion, it must give appropriate reasons for the rejection. *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 996-97 (6th Cir. 1994).

The challenged conduct at issue here is the Union's waiting until after Greenwood filed his motion for sanctions in order to file its motion to dismiss the counterclaim. Greenwood served his motion on the Union and waited twenty-one days (21) for the Union to withdraw its counterclaim. (Cameron First Dec. ¶¶ 2-4); *see* Rule 11(c)(1)(A).[1] When the Union failed to act within that time period, Greenwood filed his motion with the Court.

The Court concedes that the Union did not move to withdraw its counterclaim within twenty-one (21) days. The Court notes, however, that the Union did so act within five (5) days of Greenwood filing his motion for sanctions. (Case No. 05-799 Doc. # 35; Case No. 05-881 Doc. # 28). Given these circumstances, the Court utilizes its discretion to **DENY** Greenwood's motion for sanctions. (Case No. 05-799 Doc. # 30; Case No. 05-881 Doc. # 28). In so holding, the Court cautions the Union to pay closer attention to deadlines in the future.

---

[1] Rule 11(c)(1)(A) provides:
>A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

3

**IT IS SO ORDERED.**


  /s/   **Gregory L. Frost**

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**